# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY PERKINS,<br><br>                                 Plaintiff,<br>vs.<br><br>US NAVY, COMMANDER NAVY REGION SOUTHWEST,<br><br>                                 Defendant. | CASE NO. 11 CV 1902 MMA (RBB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT FOR FAILURE TO PAY FILING FEE** |

On August 23, 2011, Plaintiff Cory Perkins filed a complaint against Defendant US Navy, Commander Navy Region Southwest alleging discriminatory conduct in violation of Plaintiff's civil rights. [Doc. No. 1.] Plaintiff also simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must

be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The IFP motion submitted by Plaintiff does not demonstrate the he lacks the financial resources or assets to pay the costs of commencing this action.

Plaintiff's motion to proceed IFP is not on the authorized Court form, but more importantly, it fails to provide any substantive information regarding Plaintiff's financial status. Because the information provided is insufficient to determine whether Plaintiff is indigent within the meaning of 28 U.S.C. § 1915(a)(1), the Court **DENIES** Plaintiff's motion to proceed IFP, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days to re-open his case by either: (1) paying the required $350 filing fee, or (2) filing a properly supported motion to proceed *in forma pauperis*. The Clerk of Court is instructed to send Plaintiff the approved IFP forms with a copy of this Order. Plaintiff is advised that if he does not submit a new IFP or pay the filing fee within the time permitted, this matter shall remain closed.

**IT IS SO ORDERED.**

DATED: August 24, 2011

Hon. Michael M. Anello
United States District Judge